**FILED**

DEC 2 4 2015

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION PURSUANT TO 18 U.S.C. § 2705(B) DIRECTING GITHUB NOT TO DISCLOSE THE EXISTENCE OF A SUBPOENA | Case No. 15-xr-90480 NC<br><br>ORDER DENYING GITHUB'S MOTION TO QUASH; ORDERING JANUARY 15, 2016, TERMINATION OF PRECLUSION-OF-NOTICE ORDE<br><br>FILED UNDER SEAL UNTIL JANUARY 15, 2016 |

GitHub moves the Court to quash a grand jury subpoena or to repeal a preclusion-of-notice order that prohibits GitHub from disclosing the existence of the subpoena to anyone for a period of 365 days. GitHub argues that it has a First Amendment right to notify its subscribers of the existence of a subpoena, and that the preclusion-of-notice order is invalid as a matter of statutory law under 18 U.S.C. § 2705(b). The Court finds that the subpoena and preclusion-of-notice order are valid, but amends the preclusion-of-notice order to terminate on January 15, 2016, because ongoing civil litigation between Uber and GitHub subscribers has put targets on notice of a criminal investigation and a federal court has ordered them to preserve evidence.

**A.    Grand Jury Subpoena to GitHub**

A federal grand jury in San Jose issued a subpoena to GitHub on June 3, 2015. The subpoena requested the following information regarding GitHub subscribers for two IP

Case No. 15-xr-90480 NC



addresses, the "188" IP and the "173" IP, from March 2014 through June 1, 2014:

1. The subscriber's registration information provided at time of account creation, including IP address(es);
2. The subscriber's service and account information, including any billing address(es) provided, billing records, telephone numbers, IP addresses (at each transaction) and complete transaction information from April 1, 2014, to June 1, 2014, where available;
3. The subscriber's email address(es) and/or any email address(es) relating to the subscriber;
4. The subscriber's records of session times and duration and any information relating to the session including, but not limited to, any temporarily assigned network address, Internet Protocol (IP) address, MAC address, Caller ID, Automatic Number Identification (ANI); from April 1, 2014, to June 1, 2014, where available;
5. The subscriber's length of service (including start date) and types of services utilized (Ex: Digital Subscriber Line, cable internet service, dial-up, T-1, and/or others) and any information associated with that service such as modem rental information, Internet Protocol (IP) address, MAC address, Caller ID, Automatic Number Identification (ANI);
6. The subscriber's means and source of payment for any official financial transactions (including any credit card or bank number); and
7. Related Google account linked by secondary e-mail addresses, SMS numbers, credit card numbers, bank account numbers, or creation IP addresses.

Declaration of Adam Shearer (Shearer Decl.) at Ex. 3.

In addition to the grand jury subpoena, the government applied for a preclusion-of-notice order prohibiting GitHub from notifying anyone, including the subscribers whose records the grand jury sought, of the existence of the subpoena. Shearer Decl. at Ex. 4.

Under 28 U.S.C. § 2705(b) the government requested "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the courts deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* at 1.

The government argued that the subpoena related to an ongoing criminal investigation that was neither public nor known to all of the targets of the investigation, and that its disclosure could alert the targets to the ongoing investigation. "Accordingly, there is reason to believe that notification of the existence of the attached subpoena will

Case No. 15-xr-90480 NC          2

seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates." *Id.* at 2. The government further argued that because some of the evidence was electronically stored, "[i]f alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers." *Id.*

The Court issued a preclusion-of-notice order on June 11, 2015, prohibiting GitHub from "disclos[ing] the existence of the attached legal process, or this Order of the Court, to the listed subscriber or to any other person [except GitHub's attorney], for a period of 365 days." *Id.* at 3.

### B. Motion to Quash the Subpoena

GitHub first requests that the Court quash the disputed grand jury subpoena in its entirety. Motion to Quash at 1. Its argument for quashing the subpoena is that the subpoena was accompanied by an unlawful preclusion-of-notice order. *Id.* However, GitHub concedes that "the grand jury may lawfully subpoena records relating to the [suspected attacker's] IP addresses." Motion to Quash at 5. GitHub cites no authority supporting the proposition that a grand jury subpoena may be quashed because of an overly broad preclusion-of-notice order. Therefore, if the Court were to find the preclusion-of-notice order unlawful, the appropriate remedy would be to lift the order, not quash the underlying subpoena. The Court accordingly denies GitHub's motion to quash the subpoena in its entirety.

### C. Motion to Invalidate the Preclusion-of-Notice Order

As an alternative to quashing the subpoena, GitHub asks the Court to find the preclusion-of-notice order unlawful and repeal it. The issue is whether, when the government applied for the preclusion-of-notice order, it established that there was a reason to believe that notification could result in any of five enumerated adverse results articulated in 18 U.S.C. § 2705(b).

18 U.S.C. § 2703(b) permits the government to apply for delayed notice of a

subpoena and references 18 U.S.C. § 2705 for when delayed notice may be given. 18 U.S.C. § 2703(b). Under § 2705(b), "where an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury subpoena is obtained, [the government may] delay the notification required under section 2703(b) of this title . . . [if] there is reason to believe that notification of the existence of the subpoena may have an adverse result described in paragraph (2) of this subsection." 18 U.S.C. § 2705(b).

The five "adverse results" are: "endangering the life or physical safety of an individual," "flight from prosecution," "destruction of or tampering with evidence," "intimidation of potential witnesses," or "otherwise seriously jeopardizing an investigation or unduly delaying a trial." 18 U.S.C. § 2705(b).

When applying for the preclusion-of-notice order, the government argued that the information "sought by the FBI may disclose, or lead to the discovery of, additional criminal conduct by the affected subscriber and/or the existence of co-conspirators in the instant offense what are currently not known to law enforcement." Response at 16.

Because the subject of the grand jury subpoena is potentially broader than ongoing, publicly disclosed, civil discovery by Uber, the preclusion-of-notice order is valid. The government successfully established a "reason to believe" that notification could result in one of the five adverse circumstances as required by § 2703(b) because the information sought by the grand jury subpoena is broader than the data provided by GitHub to Uber in the civil case and therefore disclosure of the subpoena could risk jeopardizing the investigation or destruction of evidence. *Id.* at 15.

Because the Court deems it appropriate to terminate the preclusion-of-notice order based on the statute and the facts here, it does not need to reach the First Amendment question. "A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988); *see also United States v. Locke*, 471 U.S. 84, 92, 105 (1985) (citing a line of cases applying the prudential rule of avoiding constitutional questions when possible).

Case No. 15-xr-90480 NC            4

Therefore, the Court denies GitHub's request to invalidate the preclusion-of-notice order as a matter of law.

### D. Appropriate Duration Of Preclusion-of-Notice Order

When this Court issued the preclusion-of-notice order on July 11, 2015, it ordered 365 days of nondisclosure by GitHub. The issue is how long delayed notification is appropriate for this grand jury subpoena. Even when the requirements for a preclusion-of-notice order are met under § 2703(b), the order must last only "for such period as the court deems appropriate." 18 U.S.C. § 2703(b). Here, the Court deems it appropriate for the order to last until January 15, 2016.

The facts in this case provide no reason to extend the preclusion-of-notice order beyond January 15, 2016. This is in large part because of the ongoing civil litigation relating to an attack on Uber. *Uber Techs., Inc. v. Doe*, No. 15-cv-00908 LB, Dkt. No 1. In the civil case, Uber requested and was granted expedited discovery in order to identify persons who had accessed a GitHub page that contained information germane to the hack. *Id.*

Specifically, Magistrate Judge Beeler granted Uber's request for two document subpoenas to GitHub. *Id.* at Dkt. Nos. 11, 20. The first sought production of "all records . . . identifying the IP addresses or subscribers that viewed, accessed, or modified [the relevant GitHub webpage containing Uber login credentials] and the date/time of access, viewing, or modification." Dkt. No. 3, Exhibit 1. The second subpoena called for production of the identity and contact information for any user who accessed GitHub from a particular IP address on the date of the attack. Dkt. No. 3 at Exhibit 2.

GitHub complied with both subpoenas and in doing so, "provided notice to any and all affected subscribers whose identities it was able to discern." Motion to Quash at 2.

Moreover, when Magistrate Judge Beeler granted the second subpoena from Uber to GitHub on April 27, 2015, she authorized Uber to share information it got as a result of the subpoena with law enforcement. *See Uber*, Dkt. No 20 at 7. The court reasoned that "it is consistent with the purposes of these statutes—both of which established data

Case No. 15-xr-90480 NC　　　　　　5

breaches and theft as crimes—that Uber be allowed to turn over material to law enforcement." *Id.*

Judge Beeler also authorized Uber to subpoena Comcast to get the name and contact information of a Comcast subscriber who accessed the GitHub page. Like GitHub, Comcast notified its subscriber that the subpoena had been issued, and the subscriber filed a motion to quash. Judge Beeler denied the motion to quash, but agreed to stay the order pending a Ninth Circuit appeal. *Id.* at Dkt. No. 54. Judge Beeler noted that the subscriber "has been under a duty to preserve evidence since receiving notice about the Comcast subpoena . . . [and] affirmed [his] duty to preserve all information." *Id.* at 2.

Given the parallel civil litigation and Judge Beeler's publicly recorded authorization for Uber to share with law enforcement whatever information it gets as a result of its subpoenas, the secret of the investigation is out. The government argues that its investigation covers more information and potentially more suspects than the civil case, and that this breadth of inquiry validates a year-long preclusion-of-notice order. The government does not provide any specific reasons for the requested year-long preclusion-of-notice order on GitHub other than that data breach cases are complex by nature, but simply states that "[s]uch a period of time is reasonable in that it is the minimum amount of time necessary that the investigation would require to conclude." Response at 6.

Therefore, in light of the new information provided by GitHub, the Court deems it appropriate to terminate the preclusion-of-notice order on January 15, 2016. The government has had since June 11, 2015, when this Court issued the preclusion-of-notice order, to investigate in secrecy. When the preclusion-of-notice order terminates on January 15, 2016, the government will have had 218 days of nondisclosure by GitHub, which is sufficient in these particular circumstances.

The Court accordingly DENIES GitHub's motion to quash and GRANTS the motion to lift the preclusion-of-notice order, modifying the preclusion-of-notice order to terminate on January 15, 2016. This order is to be filed under seal until January 15, 2016, although both GitHub and the government may receive a copy immediately.

Case No. 15-xr-90480 NC                6

**IT IS SO ORDERED.**

Dated: December 24, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IN RE: Application Pursuant to
18 U.S.C. § 2705(b) Directing
Github not to disclose the existence of a
subpoena

Case Number: 15-xr-90480 NC

**CERTIFICATE OF SERVICE**

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 24, 2015, I SERVED a true and correct copy(ies) of the attached, via email to the following:

Matthew Parrella
Assistant U.S. Attorney
matthew.parrella@usdoj.gov

Josh Cohen
Clarence & Dyer
jcohen@clarencedyer.com

Dated: December 24, 2015

Susan Y. Soong, Clerk

By: _____

Deputy Clerk